IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GILBERT E. FLORES<br>　　　Plaintiff<br><br>v.<br><br>NINO'S FRESH CUT FRUIT & VEG.,<br>LLC and JUAN NINO<br>　　　Defendants | § § § § § § § § § § § | CIVIL ACTION NO.<br><br>5:19-cv-00734 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Gilbert E. Flores brings this Complaint against Defendants, and shows as follows:

### I.  SUMMARY

1.　　This is action is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").  Plaintiff worked for Defendants as a maintenance employee within the preceding two years.  He regularly worked more than 40 hours per workweek, and Defendants did not pay him an overtime premium of at least one and one-half times his regular rate for hours worked over 40 in a workweek.

2.　　There is no overtime exemption or exception under the FLSA that applies to Plaintiff's employment.

3.　　Plaintiff brings this action to recover unpaid overtime compensation, an equal amount of liquidated/double damages, attorney fees, interest, and costs.

### II.  PARTIES

4.　　Plaintiff Gilbert E. Flores is an individual who resides in Bexar County, TX. He consents to be a party plaintiff in this action.

Plaintiff's Original Complaint – Page 1

5. Defendant Nino's Fresh Cut Fruit & Veg., LLC is a domestic limited liability company organized and existing under the laws of the State of Texas. Defendant may be served with process by serving its registered agent, Juan Nino at his registered address, 1500 South Zarzamora, Unit 421, San Antonio, TX 78207, or wherever he may be found.

6. Defendant Juan Nino is an individual who is a citizen of the State of Texas and, upon information and belief, resides in Bexar County. He is a Director and Member of Defendant Nino's Fresh Cut Fruit & Veg., LLC. Juan Nino may be served with process at his usual place of business, 1500 South Zarzamora, Unit 414, San Antonio, TX 78207, his place of residence, or wherever he may be found.

### III.  JURISDICTION AND VENUE

7. This Court has original jurisdiction over this action because Plaintiff asserts a claim arising under federal law. Venue is proper in this district because it the judicial district where a substantial part of the events or omissions giving rise to the claim occurred, at least one Defendant resides in this district, and Defendants conduct business in this district.

### IV.  COVERAGE

8. At all times material to this action, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

9. At all times material to this action, Defendants have been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), in that Defendants acted directly or indirectly in the interest of an employer in relation to Plaintiff.

10. At all times material to this action, Defendants have constituted an enterprise within the meaning of Sections 3(r) of the FLSA, 29 U.S.C. § 203(r), in that Defendants

performed (either through unified operation or common control) related activities for a common business purpose.

11.     At all times material to this action, Defendants have constituted an enterprise within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise have had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12.     Defendant Nino's Fresh Cut Fruit & Veg., LLC's annual gross sales revenues exceeded $500,000 in 2017, 2018, and 2019. During the same period, Defendant Nino's Fresh Cut Fruit & Veg., LLC has employed more than two employees engaged in commerce or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

13.     At all times material to this action, Defendant Juan Nino has acted, directly or indirectly, in the interest of an employer in relation to Plaintiff. For example, during the time period relevant to Plaintiff's FLSA claims:

    a. Defendant Juan Nino holds held himself out to the public as Defendant Nino's Fresh Cut Fruit & Veg., LLC's owner;

    b. Defendant Juan Nino holds held himself out to the public as Defendant

        Nino's Fresh Cut Fruit & Veg., LLC's Chief Executive Officer; [1]

   c. Defendant Juan Nino has had the authority to write and sign checks on Defendant Nino's Fresh Cut Fruit & Veg., LLC's bank accounts;

   d. Defendant Juan Nino had made decisions relating to significant aspects of Defendant Nino's Fresh Cut Fruit & Veg., LLC's day-to-day business; and

   e. Defendant Juan Nino has made or ratified decisions relating to significant aspects of the terms and conditions of Plaintiff's employment, including whether to pay overtime compensation for hours worked over 40 in a workweek.

## V. FACTUAL BACKGROUND

14. According to its website, http://www.ninosfreshcut.com/about-ninos-fresh-cut-fruit-veg/, Defendant Nino's Fresh Cut Fruit & Veg., LLC offers packed, sealed, and ready to be delivered fruits and vegetables to restaurants and other businesses in the South Texas region. It operates a cold storage facility in Bexar County at 1500 South Zarzamora, San Antonio, TX 78207.

15. In each of the three preceding years, Defendant Nino's Fresh Cut Fruit & Veg., LLC's revenues have exceeded $500,000 per year.

16. Plaintiff worked for Defendants as a maintenance employee from approximately February 13, 2019 to May 10, 2019 at Defendants' facility located at 1500 South Zarzamora, San Antonio, TX 78207.

17. Defendants initially paid Plaintiff an hourly rate including an overtime premium

---

[1] *See* http://www.ninosfreshcut.com/about-ninos-fresh-cut-fruit-veg/our-team/ (last visited June 23, 2019).

of time-and-one-half for hours worked over 40 in a workweek.

18. Beginning with the pay period covering February 27, 2019, however, Defendants began paying Plaintiff a fixed amount of $675 per week. Under this arrangement, Defendants paid Plaintiff the fixed amount when his work hours equaled or exceeded 40 hours per week and did not pay Plaintiff an overtime premium for hours worked over 40 in a workweek. But, when Plaintiffs' weekly work hours did not equal 40, Defendants deducted wages from the fixed amount.

19. For example, Plaintiff's work hours exceeded 40 hours per week for the weekly pay periods from April 27, 2019 through March 26, 2019, and the weekly pay periods covering April 3, 2019, and April 24, 2019. During these workweeks, Defendants paid Plaintiff the fixed amount of $675 and paid Plaintiff no overtime premium for hours worked over 40.

20. Conversely, for the weekly pay periods beginning March 27, 2019 and April 10, 2019, Plaintiff's weekly work hours did not exceed 40 and Defendants paid Plaintiff $405.12 and $337.50, respectively.

21. Despite Plaintiff working more than 40 hours in a workweek under the fixed amount arrangement, Defendants did not pay Plaintiff an overtime premium of at least one and one-half times his regular rate for all hours worked in a workweek over 40.

22. Plaintiff is not alone in being a victim of Defendants' policy or practice of failing to pay overtime compensation under the fixed amount arrangement. Defendants paid no overtime time premium to other employees who received wages under this fixed amount arrangement when they worked over 40 hours in a workweek.

23. There is no overtime exemption or exception under the FLSA that exempts

Plaintiff from the FLSA's mandatory overtime provisions.

## VI. CAUSE OF ACTION: VIOLATION OF THE FAIR LABOR STANDARDS ACT

24. Plaintiff incorporates the preceding paragraphs of this Complaint as if stated fully herein.

25. During the two-year and three-year limitations period preceding this action, Defendants have violated Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing Plaintiff in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating him and them for work in excess of 40 hours per week at a rate no less than one-and-one-half times the regular rate for which he was employed.

26. Plaintiff was a non-exempt employee entitled to overtime pay for hours worked in a workweek exceeding 40.

27. Defendants were aware of their obligation to pay overtime compensation to Plaintiff. Defendants acted willfully or intentionally in failing to pay Plaintiff in accordance with the FLSA.

## VII. MISCELLANEOUS

28. All conditions precedent have occurred or been performed.

29. There is no agreement between Plaintiff and Defendants that requires this dispute to be submitted to arbitration.

30. Plaintiff hereby requests a trial by jury on all issues appropriate for determination by a jury, including those under the FLSA.

## VIII. RELIEF SOUGHT

31. WHEREFORE, cause having been shown, Plaintiff Gilbert E. Flores, prays for

judgment against Defendants, jointly and severally, seeks the following relief:

a. For an Order, pursuant to Section 16(b) of the FLSA, finding Defendants liable for unpaid overtime wages due to Plaintiff and for liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff; and

b. For an Order awarding Plaintiff the costs of this action; and

c. For an Order awarding Plaintiff attorneys' fees; and

d. For an Order awarding Plaintiff pre-judgment and post-judgment interest, as allowable, at the highest rates allowable by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

_____
Barry S. Hersh
State Bar No. 24001114

*Board Certified in Labor and Employment Law*
*Texas Board of Legal Specialization*

Hersh Law Firm, PC
3626 N. Hall St., Suite 800
Dallas, TX 75219-5133
Tel.  (214) 303-1022
Fax  (214) 550-8170
barry@hersh-law.com

ATTORNEY FOR PLAINTIFF